IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IMP GALLERIA LLC, d/b/a Windsor by the Galleria,<br>    Plaintiff,<br><br>v.<br><br>ANTHONY MACK,<br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:24-CV-2291-K-BW |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff IMP Galleria LLC filed eviction proceedings against Defendant Anthony Mack in a justice of the peace court in Dallas County. On September 9, 2024, Mack filed a notice of removal to this Court. (Dkt. No. 3.) This action has been referred to the undersigned magistrate judge for pretrial management pursuant to Special Order 3-251. (Dkt. No. 1.)

For the following reasons, the undersigned concludes that Mack does not establish subject matter jurisdiction in this Court and recommends that the action be remanded to the state court from which it was removed.

## I. BACKGROUND

Plaintiff IMP Galleria filed a petition in a justice of the peace court in Dallas County on August 5, 2024, seeking eviction against Mack for nonpayment of rent. On September 9, 2024, he removed the action, which by that time was on appeal to Dallas County Court No. 2. (*See* Dkt. No. 3.) Mack has not paid the filing fee but

filed an application to proceed in forma pauperis, and he has filed a document he styled as a motion to dismiss. (*See* Dkt. Nos. 1, 5-6.)

This is not the first time Mack has removed eviction proceedings against him. In June 2024, he removed prior eviction proceedings in *Windsor by the Galleria v. Mack*, No. 3:24-CV-1640-K-BN (N.D. Tex.). That action was remanded to state court after Mack failed to show a basis for federal court jurisdiction. *Windsor by the Galleria v. Mack*, Dkt. Nos. 5, 12, 13, No. 3:24-CV-1640-K-BN.

## II. LEGAL STANDARDS AND ANALYSIS

A defendant may remove an action filed in state court if the federal district court has jurisdiction over the action. *See* 18 U.S.C. § 1441(a). "In general, defendants may remove a civil action if a federal court would have had original jurisdiction." *McCauley v. Kroger Co.*, No. 3:19-CV-2673-D, 2020 WL 208816, at *1 (N.D. Tex. Jan. 14, 2020) (quoting *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995)). "But the federal courts' jurisdiction is limited, and they generally may only hear a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties." *Windsor by the Galleria v. Mack*, No. 3:24-CV-1640-K-BN, 2024 WL 3432254, at *1 (N.D. Tex. July 1, 2024), *accepted*, 2024 WL 3433935 (N.D. Tex. July 16, 2024). As the party who removed this action, Mack has the burden "of overcoming an initial presumption against jurisdiction and establishing that removal is proper." *McCauley*, 2020 WL 208816, at *1 (quoting *Carnes v. Data Return, LLC*, No. 3:04-CV-2475-D, 2005 WL 265167, at *1

(N.D. Tex. Feb. 1, 2005)). "[A]ny 'doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction.'" *Id.* (quoting *Acuna v. Brown & Root Inc.*, 200 F.3d 339 (5th Cir. 2000)). Because the Court is obligated to examine its own jurisdiction, it may remand a case that was improperly removed without a motion by a party. *Windsor*, 2024 WL 3432254, at *1.

Mack's notice of removal purports that jurisdiction is founded upon 28 U.S.C. § 1331. (*See* Dkt. No. 3.) The undersigned nonetheless first considers whether the Court has jurisdiction based on diversity of the parties. *See* 28 U.S.C. § 1332(a). "In cases invoking jurisdiction under Section 1332, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000." *Id.* at *3. When a party is a limited liability company, such as Plaintiff in this action, the party establishing jurisdiction must demonstrate the LLC's citizenship by alleging the citizenship of every member of that LLC. *Id.* The pleadings do not establish the citizenship of IMP Galleria LLC, and that "deficiency is enough to conclude that Mack has not shown Section 1332(a) diversity jurisdiction, such that remand is required." *Id.* (citing 28 U.S.C. § 1447(c) and *Lutostanksi v. Brown*, 88 F.4th 582, 588 (5th Cir. 2023)).

Mack's allegations also do not demonstrate that the amount in controversy over this eviction action meets the $75,000 threshold. As in the prior eviction action that Mack removed, his allegations in the instant action provide no facts from which

the Court can determine that the reasonable rental value or other reasonable measure would amount to $75,000. *See id.*

The undersigned turns to whether Mack has shown jurisdiction based on a question of federal law. *See* 28 U.S.C. § 1331. "[F]ederal question jurisdiction 'exists when a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Windsor*, 2024 WL 3432254, at *1 (quoting *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009)). "To support removal under Section 1331, the party asserting federal jurisdiction 'must locate [its] basis . . . in those allegations necessary to support the plaintiff's claim.'" *Id.* (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)).

In his notice of removal, Mack posits that, because Plaintiff alleges that he "violated a lease contract in default," "the Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 because this is a civil action that raises questions arising under the Constitution, laws, or treaties of the United States." (Dkt. No. 3 at 1.) This is precisely the same language he used to support his prior defective removal. *See Windsor*, 2024 WL 3432254, at *2. And, for the same reasons that his prior removal was deemed defective, this one is as well. *See id.* (explaining that an forcible detainer action governed by state law does not implicate a federal question and that defenses or counterclaims based on federal law do not support federal question jurisdiction under § 1331). Because Mack has again failed to show that Plaintiff's

well-pleaded complaint establishes a basis for federal question jurisdiction, he has failed to meet his burden to show that jurisdiction exists.

Because Mack fails to show that jurisdiction exits over the eviction proceedings, the Court should remand the action sua sponte. *See* 28 U.S.C. § 1447(c); *Windsor*, 2024 WL 3432254, at *3.

### III.  RECOMMENDATION

Because Mack has not met his burden to establish the Court's jurisdiction upon removal of the eviction proceedings, the Court should **REMAND** this action to the Dallas County state court from which it was removed.

**SO RECOMMENDED** on February 6, 2024.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE OF RIGHT TO OBJECT**

A copy of these findings, conclusions, and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days of being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).